**NORTON ROSE FULBRIGHT US LLP**
EVA YANG (BAR NO. 306215)
555 South Flower Street, Forty-First Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494
eva.yang@nortonrosefulbright.com

**NORTON ROSE FULBRIGHT US LLP**
JASON K. FAGELMAN (*Pro Hac Vice Application Forthcoming)*
JOSEPH E. SIMMONS (*Pro Hac Vice Application Forthcoming*)
2200 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200
jason.fagelman@nortonrosefulbright.com
joseph.simmons@nortonrosefulbright.com

*Attorneys for TriZetto Provider Solutions, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES HAHN,<br><br>Plaintiff,<br><br>v.<br><br>OPEN DOOR COMMUNITY HEALTH CENTERS, a California corporation; TRIZETTO PROVIDER SOLUTIONS, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:26-cv-2267<br><br>**DEFENDANT TRIZETTO PROVIDER SOLUTIONS, LLC'S NOTICE OF REMOVAL OF CLASS ACTION**<br><br>(From the Superior Court of California, Humboldt County, Case No. CV2600214)<br><br>Date of Filing: February 2, 2026<br>Date of Removal: March 16, 2026<br>Trial Date: None |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d), 1453, 1711, Defendant TriZetto Provider Solutions, LLC hereby removes to the United States District Court for the Northern District of California the above-captioned state court action, originally filed as Case No. CV2600214 in Humboldt County Superior Court, State of California. Removal is proper on the following grounds:

## I. <u>TIMELINESS OF REMOVAL</u>

This putative class action was filed by Plaintiff Charles Hahn ("**Plaintiff**") against Open Door Community Health Centers ("**Open Door**"), TriZetto Provider Solutions, LLC ("**TriZetto**"), and Does 1 through 100, inclusive, in the Superior Court of the State of California, County of Humboldt, and is captioned *Charles Hahn v. Open Door Community Health Centers, et al.*, Case No. CV2600214. A copy of the complaint is attached hereto as **Exhibit A** ("**Complaint**"). This action is thus properly removed to the United States District Court for the Northern District of California, which embraces Humboldt County within its jurisdiction. 28 U.S.C. §§ 1441(a), 1446(a).

Pursuant to 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty (30) days of service of the initial pleading setting forth the claim for relief upon which such action is based. TriZetto was served with the Summons and Complaint on February 12, 2026. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon TriZetto in the state court action are attached hereto as **Exhibit B**. This Notice of Removal is therefore timely filed within thirty (30) days of service. TriZetto will provide prompt written notice to Plaintiff and is filing a copy of this notice with the clerk of the Superior Court of California for the County of Humboldt pursuant to 28 U.S.C. § 1446(d).

## II. <u>SUMMARY OF ALLEGATIONS</u>

Plaintiff alleges that he is a resident of the State of California and that he provided his personal information to Open Door and Trizetto. Compl. ¶ 19. He alleges that Open Door is a

community health organization based and incorporated in California. *Id.* ¶ 21. He alleges that TriZetto is an information technology services provider with its principal place of business in Missouri. *Id.* ¶ 22. Plaintiff alleges that on or about January 7, 2026, Open Door and TriZetto notified him of a data incident that "may have involved some of your personal health information." *Id.* ¶ 31. Plaintiff purports to represent a class of California citizens whose personal information was allegedly involved in the data incident. *Id.* ¶ 94. He alleges that the total number of class members exceeds 500 persons. *Id.* ¶ 95.

Based on the alleged data breach, Plaintiff asserts claims for: (1) violation of the California Confidentiality of Medical Information Act ("CMIA"); (2) violation of the California Consumer Privacy Act ("CCPA"); (3) violation of the California Privacy Rights Act ("CPRA"); (4) negligence; and (5) negligence per se. *Id.* ¶ 102-145. Plaintiff seeks, on behalf of himself and the putative class, statutory and nominal damages of $1,000 per violation under the CMIA; statutory damages of $100 to $750 per consumer per incident, or actual damages, whichever is greater, under the CCPA; compensatory and punitive damages; injunctive and equitable relief; and attorneys' fees and costs. *Id.* ¶¶ 108, 110 (statutory damage amounts); *id.* at 31-32 (prayer for relief).

## III. <u>GROUNDS FOR REMOVAL</u>

This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). A removal notice need not be supported with evidence, and is only required to "allege the underlying facts supporting each of the requirements for removal jurisdiction." *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Here, removal is appropriate because: (A) the proposed class consists of more than 100 members; (B) TriZetto and Plaintiff are not citizens of the same state; and (C) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. Accordingly, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

**A. <u>The Proposed Class Consists of More than 100 Members</u>**

Federal jurisdiction under CAFA requires a proposed class of at least 100 members. 28 U.S.C. § 1332(d)(5)(B). Plaintiff defines the proposed class as "All citizens of the State of California who provided their personal medical information to Defendants on or before October 2, 2025, and who received notices from Defendants that their information was compromised." Compl. ¶ 94. Plaintiff expressly alleges that the proposed class consists of more than 500 individuals. Accordingly, the proposed class plainly satisfies CAFA's numerosity requirement of at least 100 members. 28 U.S.C. § 1332(d)(5)(B).

**B. <u>TriZetto and Plaintiffs are Not Citizens of the Same State</u>**

Federal jurisdiction under CAFA requires only "minimal diversity," meaning that at least one member of the proposed plaintiff class must be a citizen of a state different from at least one defendant. 28 U.S.C. § 1332(d)(2)(A). The pleadings and undisputed facts show that the diversity requirement is met here. The proposed class is defined to consist solely of California citizens. *Id.* ¶ 94. Thus, at least one member of the proposed class is a citizen of California. In contrast, TriZetto has its principal place of business in Missouri, and is a Delaware limited liability company whose sole member is Cognizant TriZetto Software Group, Inc., a Delaware corporation with its principal place of business in Colorado. Thus, TriZetto is a citizen of a state other than California.

**C. <u>The Amount in Controversy Exceeds $5 Million</u>**

The final requirement for federal jurisdiction under CAFA is that the aggregate amount in controversy for all class members exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). "In determining the amount in controversy, the Court accepts the allegations contained in the complaint as true and assumes the jury will return a verdict in the Plaintiff's favor on every claim." *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807 (9th Cir. 2017). When the amount in controversy is not stated expressly and must be inferred from the allegations in the complaint, "assumptions made part of the defendant's chain of reasoning need not be proven; they instead must only have some reasonable ground underlying them." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).

Here, Although TriZetto denies any liability and disputes that Plaintiff or any putative class member suffered any cognizable damages, the claims as pleaded, given reasonable assumptions, place an amount well in excess of $5,000,000 in controversy.

First, Plaintiff seeks damages on behalf of a putative class allegedly containing at least 500 members. These purported damages include:

- Statutory damages of $1,000 in CMIA damages, Compl. ¶ 108;
- Statutory damages of up to $750 in CCPA damages, *id.* ¶ 110; and
- Actual damages of an unspecified amount, but potentially "up to $1,000," which Plaintiff alleges is the value of the information involved, *id.* ¶ 84.

Second, Plaintiff seeks attorney fees. A plaintiff's claim for attorneys' fees are also included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). That includes future attorneys' fees that are claimed, but not accrued at the time of removal. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-96 (9th Cir. 2018). Courts may use a 25% benchmark of total recovery when estimating the attorneys' fees in controversy. *Garibay v. Archstone Cmtys. LLC*, 539 F. App'x 763, 764 (9th Cir. 2013).

Third, Plaintiff seeks a highly burdensome injunction regarding TriZetto's internal data security practices. The "cost of complying with an injunction" is included in the amount in controversy. *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016). Here, Plaintiff seeks a court order requiring TriZetto to "engage third-party security auditors/penetration testers as well as internal security personnel to conduct testing, simulated attacks, penetration tests, and audits on Defendants' systems on a periodic basis, and ordering Defendants to promptly correct any problems or issues detected by such third-party security auditors"; "engage third-party security auditors and internal personnel to run automated security monitoring"; "audit, test, and train their security personnel regarding any new or modified procedures"; "segment customer data by, among other things, creating firewalls and access controls so that if one area of Defendants' systems is compromised, hackers cannot gain access to

other portions of Defendants' systems"; "purge, delete, and destroy in a reasonably secure manner customer data not necessary for their provisions of services"; "conduct regular database scanning and securing checks"; "routinely and continually conduct internal training and education to inform internal security personnel how to identify and contain a breach when it occurs and what to do in response to a breach"; and "meaningfully educate their current, former, and prospective employees and subcontractors about the threats they face as a result of the loss of their financial. and personal information to third parties, as well as the steps they must take to protect themselves." Compl. at 31-32. The costs of compliance with such a highly burdensome long-term injunction would be significant, and on its own may exceed $5,000,000.

Combining alleged damages, potential attorney's fees, and the costs of complying with the requested injunction, the amount in controversy easily exceeds $5 million.

**D. <u>No CAFA Exceptions Apply</u>**

Because the class size, minimal diversity, and amount in controversy requirements are met, this Court has CAFA jurisdiction. 28 U.S.C. § 1332(d)(2), (d)(5)(B). The CAFA "local controversy" and "home state" exceptions are "not jurisdictional." *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 869 (9th Cir. 2013). Before this Court can decline jurisdiction under one of the CAFA exceptions, Plaintiff bears the "burden of proof" to show by "a preponderance of the evidence" that the exception applies. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013). Plaintiff will be unable to do so:

The "local controversy" exception cannot apply because it requires that "less than two-thirds of the members" of the proposed class be citizens of the forum state. 28 USC § 1332(d)(3). Here, the proposed class is defined to include only California citizens, thus precluding application of the "local controversy" exception.

The "home state" exception also cannot apply, for two reasons. First, because similar actions have recently been filed elsewhere. 28 USC § 1332(d)(4)(A)(ii). Specifically, there have been multiple putative class actions based on the same underlying data incident, the first-filed of which, *Longo v. TriZetto Provider Solutions*, Cause No. 4:25-cv-01845 (E.D. Mo., Dec. 17, 2025), was filed a month and a half prior to the removed action. Second, because this exception

requires that all "primary defendants" are citizens of the forum state, 28 USC § 1332(d)(4)(B), and TriZetto is not a citizen of California.

In sum, removal was proper—and Plaintiff lacks any basis for seeking remand.

## IV. CONCLUSION

WHEREFORE, having provided notice as is required by law, the above-entitled action is removed from the Superior Court for the County of Humboldt to the United States District Court for the Northern District of California.

Dated: March 16, 2026

EVA YANG
NORTON ROSE FULBRIGHT US LLP

By: ______________________
EVA YANG
Attorneys for Defendant